UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ANTHONY HARVELL                                                                    PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:11CV-525-S

TERRIS L. ERVIN, et al.                                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This action arose from injuries allegedly sustained in an automobile accident involving vehicles operated by the plaintiff, Anthony Harvell, and the defendant, Terris L. Ervin. Harvell brought negligence claims against Ervin and Blair Logistics, LLC, Ervin's employer and the owner of the vehicle. He also brought a claim against Sentry Casualty Company,[1] the purported insurer of Blair's vehicle, for alleged bad faith in handling the underlying insurance claim.

The matter is presently before the court on motion of defendant Sentry to bifurcate the trial and stay discovery on the bad faith claim against Sentry.

Bifurcation is usually warranted in actions in which the plaintiff asserts a claim for liability against a defendant and a claim for bad faith against a defendant's insurer. As stated by the Supreme Court of Kentucky,

> This [bifurcation] procedure "better protect[s] the rights" of the two different defendants because it keeps out of the first trial "evidence which was relevant to the issue of bad faith but unnecessary and possibly prejudicial...in the trial of the preliminary question of liability." [711 S.W.2d at 849]. While we see no

---

[1] Harvell named the insurer as "Sentry Casualty Company" in both the complaint and amended complaint. Sentry Casualty Company answered and denied that it provided any policy of insurance for Blair Logistics LLC. The motion to bifurcate indicates that Sentry Select Insurance Company has been incorrectly identified in the complaint as Sentry Casualty Company. However the plaintiff has not sought to correct the error. For purposes of this motion, the defendant will be referred to as "Sentry."

>impediment to the joinder of the claims in a single action, at trial the underlying negligence claim should first be adjudicated. Only then should the direct action against the insurer be presented. Liability insurance should not be interjected needlessly into the trial of a negligence case.

*Wittmer v. Jones*, 864 S.W.2d 885, 891 (Ky. 1993). We see no reason to depart from this well-trodden path.[2]

Therefore, motion having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that:

(1) The motion of defendant Anthony Horvell, to bifurcate the trial of the plaintiff's negligence claims from the third-party bad faith claim (DN 8) is **GRANTED** and the bad faith claim is **STAYED.**

(2) Discovery on the bad faith claim against Sentry Select Insurance Company is **STAYED PENDING RESOLUTION OF THE NEGLIGENCE CLAIMS AGAINST TERRIS L. ERVIN AND BLAIR LOGISTICS, LLC.**

**IT IS SO ORDERED.**

January 26, 2012

Charles R. Simpson III, Judge
United States District Court

---

[2]*See, e.g., Grange Mutual v. Trude*, 151 S.W.3d 803 (Ky. 2004); *Sosa v. State Farm Ins. Co.,* No. 2005-CA-001864-MR, 2006 WL 2191131 (Ky.App. Aug. 4, 2006); *Pollard v. Wood*, No. 5:05CV-444-JMH, 2006 WL 782739 (E.D.Ky. March 27, 2006); *Reynolds v. Safeco Ins. Co.*, No. 5:06CV-322-JMH, 2007 WL 38348 (E.D.Ky. Jan. 5, 2007); *BancInsure, Inc. v. First Bank, Inc.,*No. 3:10CV-580-R, 2011 WL 781191 (W.D.Ky. Mar. 1, 2011).