UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ANTHONY HARVELL    PLAINTIFF

v.    CIVIL ACTION NO. 3:11CV-525-S

TERRIS L. ERVIN, et al.    DEFENDANTS

### MEMORANDUM OPINION

This matter is before the court on motion of third-party defendant Sherry Patterson to dismiss the third-party complaint in this matter. DN 62.

This action arose from an automobile accident which occurred on January 4, 2011 in Louisville, Kentucky. Patterson was allegedly operating a vehicle in which the plaintiff, Anthony Harvell, was a passenger at the time of the accident. The complaint alleges that Defendant Terris Ervin was negligent in operating a semi-tractor-trailer owned by his employer, defendant Blair Logistics, LLC. and collided with Patterson's vehicle as they both made right-hand turns from their respective lanes of travel. Harvell was purportedly injured in the collision. The complaint asserts that Terris Ervin is a resident of Mississippi, Blair Logistics is an Alabama limited liability company, and Anthony Harvell is a Kentucky resident. The action was filed in the Jefferson County, Kentucky, Circuit Court and removed to this court under our diversity jurisdiction.

Ervin and Blair Logistics filed a third-party complaint against Patterson alleging negligence and seeking contribution, indemnity and apportionment of damages. Patterson has moved to dismiss the third-party complaint on the ground that it fails to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6).

Sitting in diversity, the Court will apply Kentucky law to resolve questions of substantive law. *Shropshire v. Laidlaw Transit, Inc.*, 550 F.3d 570, 573 (6th Cir. 2008) *(citing Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed. 1188 (1938)).

The defendants concede that the third-party complaint fails to state a viable claim for contribution or indemnity. Resp. p. 1. The parties agree that contribution is no longer a viable claim in Kentucky after the adoption of apportionment of causation. Indemnity, although still viable in limited circumstances, is not viable under the facts of this case. *See, Deneger v. Hall Contracting Corporation*, 27 S.W.3d 775, 779 (Ky. 2000). The parties further agree that the defendants may be entitled to an apportionment instruction to include Patterson in accordance with KRS 411.182, if the facts presented at trial support such an instruction. *See,* KRS 411.182 which provides for allocation of fault in all tort actions involving fault of more than one party to the action, including third-party defendants and persons who have been released. As noted in *Baker v. Webb*, 883 S.W.2d 898, 900 (Ky.App. 1994),

> Webb argues that where KRS 411.182(2) uses the phrase "party at fault," it does not mean "party to the litigation" but anyone at fault. However, the thrust of KRS 411.182, considered in its entirety, limits allocation of fault to those who actively assert claims, offensively or defensively, as parties in the litigation or who have settled by release or agreement. When the statute states that the trier-of-fact shall consider the conduct of "each party at fault," such phrase means those parties complying with the statute as named parties to the litigation and those who have settled prior to litigation, not the world at large.

The third-party complaint alleges that Patterson was negligent and at fault in causing the accident. The defendants seek an apportionment of fault by the jury. Am.Compl., ¶¶ 4, 5, 6, 8. The third-party complaint thus sets up the allegation of comparative fault against Patterson, who was not sued by her passenger, Harvell.

For the foregoing reasons, the motion of third-party defendant Sherry Patterson to dismiss the third-party complaint will be granted to the extent that she seeks dismissal of the claims for contribution and indemnity. In all other respects the motion will be denied. A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**

August 2, 2012

          **Charles R. Simpson III, Judge**
          **United States District Court**